Daniels, J.
The action is brought upon a contract annexed to and made a part of the complaint, and certain alleged subdivisions have been demurred to on the ground that they fail to state facts sufficient to constitute a cause of action. By the agreement, which was subscribed by the parties, the plaintiff agreed to personally canvass or solicit, subscriptions for a publication of the works of Meissonier, to be published by the defendant. He agreed to devote his whole time and attention to procuring subscribers, and for his services in so doing he was to be paid the sum of $100 for each subcriber who might take and pay for the complete work. And the first cause of action or claim, set forth in the complaint, is to recover the compensation agreed to be paid by this portion of the contract. But the plaintiff has failed to allege that the persons whose subscriptions are stated to have been obtained by .him, did in fact take and pay for the complete work published by the defendant, and by the agreement he undertook to pay the stipulated amount only for subscriptions made by subscribers who might take and pay for the work. The complaint contains no averment that this condition, upon which the plaintiff was to be paid, had been performed, as that might have been done in general language, under the authority of section 533 of the Oode of Oivil Procedure. And he was, therefore, bound to show by his complaint before a legal right could be presented for the recovery of this part of the demand, that the agreement upon which his right to it depended had been- performed. And that he failed to do, inasmuch as it has not been stated that either of the subscribers did take, or pay for, the work which was to be published. Neither has any excuse been set forth justifying the omission of such an averment.
*38 In addition to this defect, it has not been made to appear either expressly, or inferentially, by the complaint, that any part of the publication was at any time delivered to, or taken by, the subscribers, and by the agreement the defendant bound himself only to pay as the work itself should be in fact delivered. The payment for which he obligated himself, was to be made in three equal installments, the first third upon the delivery of the- first part of the publication, the second upon the delivery of the sixth part, and the last payment upon the delivery of the eleventh part of the work. No delivery of either part of the work has been alleged, and the complaint for this reason fails to show that any part of the amount to be paid to him for the subscriptions had become due at the time when the action was commenced.
By another portion of the agreement the defendant agreed to pay the plaintiff the sum of forty dollars upon all subscriptions taken by Hr. C. F. Hervi, and it is averred in the complaint that he took five subscriptions for the sale of the work. The right of the plaintiff to this sum of forty dollars for each of these subscriptions was not made dependent upon the subscribers taking and paying for the work. Neither was the, amount agreed to be paid, divided into instalments, as the sums previously considered were, by the agreement. This right of the plaintiff was made dependent only on the fact of the subscriptions being taken by Hervi. And as it has been averred in the complaint that he did take these subscriptions, which had been received by the defendant, it appears from it that the plaintiff became entitled to demand and receive these sums from the defendant. And as he failed to pay them to the plaintiff when they were demanded, a right of action for their recovery accrued to him under this portion of the agreement.
By another portion of the agreement the defendant undertook to pay to the plaintiff the sum of fifty dollars for his commission on each subscription taken by the defendant at his store in the city of New York. And to present a cause of action under this subdivision of the agreement it has been alleged that the defendant did obtain and take nine subscriptions for the work. It has also been averred that eight other subscriptions were taken and were received by the defendant, and for each of these this commission of fifty dollars is claimed by the plaintiff. But by the portion of the agreement upon which these claims depend, they were made payable in three equal instalments in the same manner as the $100 subscriptions obtained' by the plaintiff himself. And that is, one-third on the delivery of the first part of the work, another third on the delivery of the *39 sixth part, and the remaining sum on the delivery of the eleventh part of the work. And no allegation or averment has been made that any portion of the work had ever been delivered or received by either of these subscribers. And these portions of the complaint, like that which was first considered, contain no general averment that the conditions on which the money was made payable, had been performed.
The plaintiff also claimed the sum of $100 for each of four other subscriptions obtained by William E. Yorston, and received by the defendant, prior to the 1st of September, 1884 These subscriptions are alleged to have been obtained without the knowledge, or consent of the plaintiff, and no facts whatever have been averred bringing this portion. of the plaintiff’s case within any part of the agreement. If it should be considered to be within the second subdivision, then the complaint is fatally defective in failing to show, or state, that the subscribers have taken, or paid for, the complete work, or that any portion of the work had at any time been delivered to either of them. In these respects, as well as in the failure to state facts disclosing any right on the part of the plaintiff to these subscriptions, the complaint is insufficient.
These are all the subdivisions of the complaint which have been demurred to, and to all, except the cause of action mentioned in subdivision three, the complaint is clearly defective, and the demurrer should have been sustained. But as to the cause of action contained in subdivision three, the averments disclose a case within the last subdivision of the agreement entitling the plaintiff to a recovery, and to that extent the demurrer was properly overruled.
The judgment from which the appeal has been taken should be so far modified as to sustain the demurrer to the first, third, fourth and fifth causes of action contained in the complaint, and as so modified the judgment should be affirmed, but without costs of the appeal to either party, and with liberty to the plaintiff to amend bis. complaint within twenty days after notice of this decision.
Brady, J., concurs.